**DAVIS & BRUSCA, LLC**
300 Carnegie Center Drive
Suite 150
Princeton, NJ 08540
Office: (609) 786-2540
Fax:    (609) 939-0333
By: Mark W. Davis, Esquire (MD-0872)
    NJ State Bar ID#03420-1996
Attorney(s) for: Plaintiff, Alfred Nickey
mdavis@dbtriallawyers.com

| | |
|---|---|
| ALFRED NICKEY,<br><br>   Plaintiff,<br><br>vs.<br><br>C. BLACKBURN, INC., JERRY A. PIERRE AND JOHN DOES 1-10,<br><br>   Defendants | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>ESSEX VISCINAGE<br><br>CIVIL ACTION NO:<br><br>Complaint for Damages<br>Demand for Jury Trial |

### I. **JURISDICTION & VENUE**

1. At all times material, Plaintiff, Alfred Nickey, was and is a resident of the Township of Linden, Union County, New Jersey.

2. At all times material, Defendant, C. BLACKBURN, INC. ("BLACKBURN") was and is a corporation formed and existing under the laws of the State of New York, and which maintained its principal offices in Elizaville, New York.

3. At all times material, Defendant, BLACKBURN, was engaged in the business of interstate trucking, operating under US DOT #63794, and which conducted business in multiple states, including the State of New Jersey.

DAVIS & BRUSCA TRIAL LAWYERS
300 Carnegie Center Dr
Suite 150
Princeton, NJ 08540
(609) 786-2540

4. At all times material, Defendant, JERRY A. PIERRE ("PIERRE"), was an individual whose residence address was, upon information and belief, 1447 Venning Rd., Mt. Pleasant, South Carolina.

5. Upon information and belief, at all times material Defendant, PEIRRE, was and is an employee/agent/representative of Defendant, BLACKBURN, and was acting in said capacity at the time of the incident described more fully herein below.

6. At present, the identity of Defendant, "John Does" 1-10 is unknown. As such, "John Doe" is a fictitious designation representing one or more individuals, corporations, limited liability companies or other "persons", whether real or fictitious, who caused the subject accident described herein below, in whole or in part, or who were otherwise responsible, in whole or in part, for the resulting harms and losses suffered by Plaintiff, ALFRED NICKEY.

7. The damages at issue in this matter exceed seventy-five thousand dollars ($75,000.00) and, as such, jurisdiction is properly vested with this court pursuant to 28 U.S.C. § 1332.

8. Venue is properly placed with this court and in this viscenage, in consideration of the convenience of the parties and probable witnesses to this cause.

II. **COUNT ONE – NEGLIGENCE & VICARIOUS LIABILITY**

9. Plaintiff repeats and adopts the jurisdictional allegations as if set forth at length herein.

10. On or about November 21, 2105 Plaintiff, ALFRED NICKEY, was driving southbound on Interstate 295 near exit 25A, milepost 25.1 in the Boro of

DAVIS & BRUSCA
TRIAL LAWYERS

300 Carnegie Center Dr
Suite 150
Princeton, NJ 08540
(609) 786-2540

Westville when his tractor trailer was struck from behind by another tractor trailer owned by Defendants, BLACKBURN and/or JOHN DOES 1-10, and operated by Defendant, PIERRE.

11. At all times material, Defendant, PIERRE, owed a duty of care while driving, to exercise caution in the operation of his vehicle and to abide by the motor vehicle law and the governing provisions of the Federal Motor Carrier Safety Regulations.

12. At all times material, Defendant, PIERRE, was careless and negligence and breached the aforesaid duty of care in ways which include, but are not limited to, one or more of the following:

    a. By traveling at an unsafe and excessive speed for the presenting conditions;
    b. By failing to leave a safe following distance;
    c. By failing to yield the right of way;
    d. By failing to keep a proper lookout for traffic ahead of him;
    e. By failing to abide by the hours of service limits set by the Federal Motor Carrier Safety Regulations;
    f. By failing to properly and/or safely perform safety inspection(s) of his vehicle; and/or
    g. By otherwise failing to exercise due caution under the circumstances.

13. As a direct and proximate result of the aforesaid negligent acts and conduct, Defendant, PIERRE, crashed into the rear of Plaintiff's vehicle, causing plaintiff,

DAVIS & BRUSCA
TRIAL LAWYERS

300 Carnegie Center Dr
Suite 150
Princeton, NJ 08540
(609) 786-2540

ALFRED NICKEY, to suffer serious and severe personal injuries and related damages, some or all of which are permanent.

14. At all times material hereto, as Defendant, PIERRE, was acting in the course and scope of his employment/agency with/for Defendant(s), BLACKBURN and/or JOHN DOES 1-10, Defendant(s), BLACKBURN and/or JOHN DOES 1-10 is/are responsible for Defendant, PIERRE's, negligent acts/conduct by virtue of the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff, ALFRED NICKEY, demands judgment for damages generally, against Defendants, C. BLACKBURN, INC., JERRY A. PIERRE and JOHN DOES 1-10, together with costs, interest and attorney's fees.

### III.  COUNT TWO – NEGLIGENCE

15. Plaintiff restates and adopts the jurisdictional allegations and those of the first count of this complaint as if set forth at length herein.

16. At all times material, Defendant(s), BLACKBURN and/or JOHN DOES 1-10, owed duties of care to select, train and screen its/their drivers to avoid placing members of the public, including the Plaintiff, ALFRED NICKEY, at an unreasonable risk of harm, and to insure its/their trucks were safely and properly maintained.

17. At all times material, Defendant(s), BLACKBURN and/or JOHN DOES 1-10, were careless and negligent and breached the aforesaid duties in ways which include, but are not limited to, one or more of the following:



DAVIS & BRUSCA
TRIAL LAWYERS
300 Carnegie Center Dr
Suite 150
Princeton, NJ 08540
(609) 786-2540

a. Failing to conduct proper driver screening as mandated by the Federal Motor Carrier Safety Regulations;

b. Failing to insure its drivers abided by the hours of service restrictions mandated by the Federal Motor Carrier Safety Regulations, and/or by otherwise encouraging, facilitating or requiring its drivers to violate said hours of service restrictions;

c. Failing to conduct safe and proper inspections and/or maintenance of its trucks, including the truck operated by Defendant, PIERRE, at the time of the accident outlined herein above

18. As a direct and proximate result of the aforesaid negligent acts and conduct, Defendant(s), BLACKBURN and/or JOHN DOES 1-10, Defendant, PIERRE, crashed into the rear of Plaintiff's vehicle, causing plaintiff, ALFRED NICKEY, to suffer serious and severe personal injuries and related damages, some or all of which are permanent.

WHEREFORE, Plaintiff, ALFRED NICKEY, demands judgment for damages generally, against Defendants, C. BLACKBURN, INC. and JOHN DOES 1-10, together with costs, interest and attorney's fees.

DAVIS & BRUSCA, LLC

_____
MARK W. DAVIS
(MD0872)

Dated: 10/30/2017

**DAVIS & BRUSCA**
TRIAL LAWYERS

300 Carnegie Center Dr
Suite 150
Princeton, NJ 08540
(609) 786-2540

## JURY DEMAND

Plaintiff, ALFRED NICKEY, hereby demands a trial by jury as to all issues in this cause.

## DESIGNATION OF TRIAL COUNSEL

Mark W. Davis, Esq., is hereby designated as trial counsel in this matter.

DAVIS & BRUSCA, LLC

_____
MARK W. DAVIS
(MD0872)

Dated: 10/30/2017

DAVIS & BRUSCA
TRIAL LAWYERS

300 Carnegie Center Dr
Suite 150
Princeton, NJ 08540
(609) 786-2540